On Application for a Rehearing.
McEnery, J.
In the application for a rehearing in this case it is stated that decree is in conflict with and overrules the cases reported in the 40th Annual,'p. 755, entitled The State ex rel. Parish Board of School Directors vs. Police Jury, and 42d Annual, p. 92, entitled The State ex rel. Board of Directors of Public Schools of New Orleans vs. City of New Orleans.
It is stated in the opinion that it was discretionary with the Council of Shreveport to levy the tax. Our meaning is that the city of Shreveport voluntarily collected the tax for school purposes. No town or city in the State has even a discretion to exercise the taxing power in behalf of public education; that is, the discretion is not such as when exercised it is binding on the taxpayer.
The taxpayer, having voluntarily submitted to a tax for school purposes, and having paid the same and placed it in the city treasury for such purpose, it becomes a trust fund, and the Oity Council was without power to use it for any other purpose. It would be as illegal and wrongful to use it for other purposes of city government as to thus divert any other fund, lawfully imposed and collected, specially devoted by the taxpayer for certain purposes.
Our decree merely announces that, whether lawful or not, the tax was voluntarily paid to be used in aid of the public schools, and could be used for no other purposes. That it was not called for does not prevent its use at a future time. If the taxpayers intended to use the assessment rolls as a means of a just imposition of the burden among them, the amounts unused should have remained in the *1314 city treasury for future use, and thus lighten the voluntary contribution which in succeeding years the taxpayers might impose upon themselves.